Argued August 22, affirmed October 22, 1973

# STATE OF OREGON, *Respondent, v.*
# RALPH LEON EHRHARD, *Appellant.*

514 P2d 1348

*James H. Phelps,* Madras, argued the cause for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was charged with driving under the influence of intoxicating liquor. ORS 483.992 (2). On appeal from conviction in justice court, he was again convicted by a jury in circuit court. He appeals this conviction assigning four errors.

The evidence revealed that from 7 p.m. until about 11:30 p.m. of March 3, 1973, defendant played cards and pool with several other persons at the Round Butte Inn in Culver. There defendant had several drinks.

After the card game, defendant and his wife went to another licensed establishment, the Mint Still, where defendant had another drink and left with his wife about 12:30 a.m. Upon leaving the Mint Still, defendant, driving his own car, and his wife proceeded north on Culver Highway going about 30 miles per hour. The car was stopped by Jefferson County Deputy Sheriff Crawford for weaving within its lane of traffic about 1:00 a.m. After stopping the car, the deputy asked the defendant to do "some balance tests." The deputy testified that defendant's breath smelled

strongly of alcohol. The deputy asked defendant how much he had had to drink, and defendant replied that he had had two drinks. The deputy then went forward to talk to defendant's wife through the window of the driver's door. The deputy then asked her how much her husband had had to drink that evening, and she replied that "he had had approximately four drinks." At this time, defendant followed the officer back to his car and was standing well within hearing distance and slightly behind and to the right of the deputy. However, defendant made no response to his wife's reply. The deputy then took defendant back to the patrol car where he asked defendant why his wife had replied four drinks when earlier defendant had told the deputy he had had two drinks. Defendant did not answer this question. The deputy thereupon arrested defendant for driving under the influence and, after further tests at the Madras City Police Department, lodged him at the Jefferson County Jail.

Defendant's principal assignment concerns the admissibility of his wife's statement to the police officer at the scene that he had had four drinks prior to driving. The trial court allowed the admission of this statement as an adoptive, non-custodial admission by defendant. Defendant asserts he was in "custody" when his wife was questioned and, therefore, her reply is not admissible for this purpose, citing ORS 136.540; *State v. Van Hooser*, 11 Or App 146, 501 P2d 78 (1972), Sup Ct *aff'd*, 266 Or 19, 511 P2d 359 (1973).

Defendant also asserts his wife's statement was otherwise inadmissible because it violated his privilege not to have his spouse testify against him. ORS 139.320. For reasons hereinafter stated, we do not reach these questions.

Defendant himself, on direct examination by his own attorney, testified:

"Q How much had you had to drink that evening?

"A I had had five drinks, four bottles of beer and one water highball."

■ Furthermore, defendant in addition called two witnesses who also testified that he had had four drinks during the card game. Under these circumstances, the admission of the wife's statement was obviously not prejudicial. ORS 19.125. Accordingly, we do not reach the contentions asserted above.

■ The third assignment involved remarks by the trial judge which were not objected to by counsel below and, therefore, will not be considered here.

■ In the fourth assignment, defendant urges that the imposition of a greater sentence in circuit court than he was given in justice court violated his right to appeal. ORS 157.020 (1).

This court held contrary to defendant's position in *State v. Madden,* 10 Or App 643, 501 P2d 71 (1972). Here, nothing in the record shows that the circuit court's greater sentence was imposed to penalize defendant for exercising his right to a de novo appeal from the justice court. *See, Colten v. Kentucky,* 407 US 104, 112-120, 92 S Ct 1953, 32 L Ed 2d 584 (1972).

Affirmed.