Argued April 25, affirmed September 17, appellant
Thomas Winters' reconsideration denied November 15,
respondent City of Klamath Falls' reconsideration
denied November 29, 1979, appellant Thomas Winters'
and respondent City of Klamath Falls' petitions for
review denied January 22, 1980 (288 Or 493)

## CITY OF KLAMATH FALLS,
*Respondent,*

*v.*

## WINTERS, et al
*Appellants.*

## (No. 76-259 C, CA 12533)

600 P2d 478

Rex E. H. Armstrong, Portland, and Jerry A. Jacobson, Klamath Falls, argued the cause for appellants. With them on the briefs were Carl R. Neil, Portland, and Richard B. Thierolf, Jr., Klamath Falls.

B. J. Matzen, City Attorney, Klamath Falls, argued the cause and filed a brief for respondent.

Before Schwab, Chief Judge, and Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendant Elena Winters was convicted by the Klamath Falls municipal court of violating a city ordinance prohibiting disorderly conduct. Defendant Thomas Winters was convicted in municipal court of disorderly conduct and of resisting arrest, in violation of city ordinances. Both defendants sought trials de novo in the circuit court pursuant to ORS 221.350 and they were again convicted. The circuit court judge imposed the same sentence on Elena Winters as had the municipal court, but imposed a greater sentence on Thomas Winters than had the court below. The defendants appeal from the circuit court judgments.

On appeal, defendants do not challenge the constitutionality of the Klamath Falls ordinances they were convicted of violating. The city moves to dismiss the appeals on the grounds that this court does not have jurisidiction.

ORS 221.350 provides:

"Whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, unless the charter of the city prohibits appeals from such court, such person shall have the same right of appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government as now obtains from a conviction from courts of justice of the peace. The appeal shall be taken and perfected in the manner provided by law for taking appeals from justice courts."

ORS 221.360 provides:

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.350, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.350, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal

[225]

may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are ' taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."

ORS 221.360 was interpreted in *City of Salem v. Polanski,* 202 Or 504, 276 P2d 407 (1954), and in numerous later decisions by the Supreme Court and this court, as limiting appellate court review to issues involving the constitutionality of the city charter provisions or ordinances the appellants had violated.

The defendants here contend that, to the extent it forecloses them from taking a full, rather than a limited, appeal, ORS 221.360 violates the equal protection clauses of the federal and state constitutions. (U. S. Const. Amend. XIV; Or. Const. Art. 1, § 20). They argue further that this court has jurisdiction over their appeals under ORS 138.040, the general statute which provides for appellate court review of judgments of conviction.

· Defendants advance two basic theories in support of the proposition that ORS 221.360 denies them equal protection. First, they contend that the municipal offenses of which they were convicted substantially duplicate offenses defined by state statutes. *See* ORS 166.025 and ORS 162.315. Hence, persons initially convicted under those state statutes by a circuit or district court have a statutory right to a plenary appeal to this court, while persons who are initially tried in municipal courts for identical conduct which violates city charter or ordinance provisions can obtain appellate court review only of the constitutionality of the charter or ordiance provisions. More generally, defendants argue that the limited appeal right under ORS 221.360 discriminates between persons convicted of municipal offenses and persons convicted of state

offenses, whether or not the conduct proscribed by the municipality is the same or similar to conduct prohibited by the state.

The second way in which the defendants contend ORS 221.360 deprives them of equal protection is by limiting the appeal rights of persons convicted of municipal violations in cities where such violations are initially triable in municipal courts, while persons charged with municipal violations in certain other cities are tried in district courts pursuant to ORS Chapter 46 and, if convicted, have a right of plenary appeal to the Court of Appeals under ORS 46.047. *See, e.g., City of Portland v. Poindexter,* 38 Or App 551, 590 P2d 781 (1979). Because we agree with this second proposition, we are not required to rule on the first.

The Supreme Courts of both the United States and Oregon have consistently held that it is not constitutionally imperative that the state provide a right of appellate review. However, when a statutory right to appeal is created by the state,

"* * * it cannot be granted to some litigants and capriciously or arbitrarily denied to others without violating the Equal Protection Clause."

*Lindsey v. Normet,* 405 US 56, 77, 92 S Ct 862, 31 L Ed 2d 36 (1972); *see State v. Endsley,* 214 Or 537, 331 P2d 338 (1958).

The test for determining whether disparity in the substantive or procedural treatment of different persons charged with criminal offenses denies equal protection has been stated in a great variety of ways. The best articulation we find is that of the Oregon Supreme Court in *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955):

"* * * * *

"* * * The Equal Protection Clause of the Fourteenth Amendment and Article I, Section 20 of the Oregon Constitution are alike in that they constitute similar limitations upon legislative action for the protection

of the individual from arbitrary or capricious legislation. Affirmatively stated, both provisions constitute a pledge of the protection of equal laws. The Constitution does not require that a law shall affect all persons exactly alike, but there is a guaranty of like treatment to all persons similarly situated. It is not the purpose of either constitutional provision to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the courts can declare it to be beyond the legislative authority. * * * The Constitution does imply that if by statute the conduct of one person or group produces a certain legal consequence, while the conduct of another person or group produces a different legal consequence, there must be some rational distinction between the persons or groups of persons in question sufficient to warrant the application to them of different legal consequences for their acts." 203 Or at 703. (cites omitted)

The foregoing and other formulations of the methodology for resolving equal protection challenges are sometimes summarized as establishing a "rational basis" test for legislative classifications. We are unable to identify any rational basis for differentiating between similarly situated defendants' appeal rights as the statutory scheme now does. We hold that ORS 221.360, to the extent it provides for a reduced scope of appellate court review for municipal offenders tried in cities where the initial trial is in the city's municipal court rather than a district court, violates the equal protection clause of the Fourteeth Amendment and Article I, Section 20 of the Oregon Constitution.

■ If ORS 221.360 is unconstitutional, as we conclude, it remains to be determined whether we have jurisdiction over these appeals. Under the scheme of ORS 221.350 and 221.360, the latter section is the source of our jurisdiction over appeals from circuit courts which have affirmed municipal court convictions of city ordinance violations. However, the defendants argue that, absent ORS 221.360, we have jurisdiction over

their appeals under ORS 138.040. That statute provides, as pertinent:

> "The defendant may appeal to the Court of Appeals from a judgment on a conviction in a district or *circuit court,* * * * ." (Emphasis added).

We agree with the defendants. They were convicted by the circuit court upon trial de novo, and their appeals therefore come within the jurisdiction conferred upon us by ORS 138.040. The city's motion to dismiss is denied,[1] and we turn to the merits.

■ The defendant's first assignment of error is that the circuit court erred in refusing to give certain instructions to the effect that the defendants were entitled to use reasonable physical force in resisting the allegedly excessive force used by the arresting officer. Defendants' contention is contrary to ORS 161.260 and to the opinions of this court construing that statute. *State v. Miller,* 35 Or App 207, 582 P2d 1378 (1978), *vacated on other grounds* 36 Or App 859, 585 P2d 772 (1978); and *State v. Hall,* 36 Or App 133, 583 P2d 587 (1978).

■ Defendants' remaining assignment of error is that the circuit court did not have authority to impose a more severe sentence on the defendant Thomas Winters than the sentence of the municipal court. In *State v. Ehrhard,* 15 Or App 72, 514 P2d 1348 (1973), and *State v. Madden,* 10 Or App 643, 501 P2d 71 (1972), we upheld a circuit courts' imposition of greater sentences than those imposed, respectively, by a justice court and a district court from which de novo appeals were taken. We held that the increased sentences were

---

[1] The city also argues that the defendants cannot challenge the constitutionality of ORS 221.360, because they have availed themselves of the procedure provided by ORS 221.350 and 221.360 by seeking a trial de novo in the circuit court. The defendants reply that, had they not "pursued their right to a de novo trial, they would not now be in a position to attack ORS 221.360," and that "[a]ny request for extraordinary relief following the municipal court conviction would be met with the argument that defendants had not exhausted their remedies." We agree with the defendants that these circumstances do not provide an appropriate occasion for applying the doctrine that a party should not be permitted to challenge the validity of a statute he has invoked.

proper if nothing in the record indicated "that the circuit court's greater sentence was imposed to penalize defendant for exercising his right to a de novo appeal from the [lower] court." *Ehrhard,* 15 Or App at 75. *See Colten v. Kentucky,* 407 US 104, 92 S Ct 1953, 32 LEd 2d 584 (1972). We conclude that the principle of *Ehrhard* and *Madden* is as applicable to de novo appeals from municipal courts as to de novo appeals from the lower courts involved in those cases.

The defendants contend that, in this case, it does appear affirmatively from the record that the greater penalty was imposed on Thomas Winters for punitive or vindictive reasons. The municipal court had imposed a jail sentence of 15 days, 12 of which were suspended, and a fine of $53. The circuit court increased the jail sentence to 30 days and the fine to $450. The defendants say the record shows that Thomas Winters "was cited for contempt for failing to restrain himself as a witness," and that the entire record reflects the circuit court judge's "desire to punish" the defendant. Nothing which the defendants call to our attention is suggestive of a desire by the circuit court judge to "punish" the defendant Thomas Winters *for exercising his statutory right to a trial de novo.*[2]

Affirmed.

---

[2] There was no increase in the sentence the circuit court imposed upon the other defendant, who had also invoked her right to a trial de novo.