Argued and submitted November 8, 2004, appeal dismissed February 2, 2005

# CITY OF LOWELL,
## *Respondent,*
### *v.*
# Toshiko WILSON,
## *Appellant.*
## 25-01-22853; A118815
### 105 P3d 856

David C. Force argued the cause and filed the brief for appellant.

Jeffery J. Matthews argued the cause for respondent. With him on the brief was Harrang Long Gary Rudnick P.C.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment of the circuit court dismissing her appeal from a judgment of the City of Lowell Municipal Court that convicted defendant of multiple violations of Lowell City Ordinance No. 130 (Ordinance 130). As explained below, we conclude that we lack jurisdiction to consider any of the matters that defendant raises on appeal. Accordingly, we dismiss the appeal.

The facts that are material to our analysis and disposition are undisputed. Defendant owned a building in the City of Lowell (the city), which was damaged by a fire in June 1996. The city asserted that the building was unsafe and demanded that defendant either perform structural repairs and clean up the site or completely demolish the building. When defendant did not comply to the city's satisfaction, the city initiated a series of complaints in municipal court,[1] alleging that defendant had committed violations of Ordinance 130. As pertinent here, Ordinance 130 provides that a person who owns a "dangerous building" and who allows that building to "remain dangerous" for ten or more days after the period specified in an abatement order may be fined not more than $250 for each violation.[2] Ultimately, the city filed 324 complaints, one for each day of alleged violation, seeking total fines of $81,000.

Defendant moved to dismiss the complaints, alleging that the Lowell Municipal Court lacked jurisdiction either because the then-extant (1984) version of the city charter did not authorize such a court or because the city's complaints against defendant exceeded that court's jurisdiction. Defendant further argued, pursuant to another city ordinance, that the court lacked authority to impose a maximum total fine in excess of $1,000. The municipal judge who considered that matter denied defendant's motion to dismiss. Thereafter, defendant pleaded "no contest" with respect to

---

[1] As noted below, 197 Or App at 294-96, defendant disputes whether such a court validly exists.

[2] The city's various complaints also alleged that defendant had violated Lowell City Resolution No. 317, which directed that, based on specific findings regarding the condition of defendant's property, defendant either implement specified remediation measures or demolish the structure by no later than February 19, 2000.

the 324 charged offenses, and the municipal court entered a "sentencing order" that imposed total fines and unitary assessments of $27,540[3] but provided that all but $3,564 of that amount would be suspended if, *inter alia*, defendant immediately demolished the structure. Defendant complied with that condition, and the municipal court entered a "judgment and sentence" accordingly.[4]

Defendant then appealed to the Lane County Circuit Court. In her "amended notice of appeal," defendant asserted that (1) a 1972 Lowell ordinance establishing the municipal court was no longer effective because of the intervening enactment of a new city charter in 1984, and, thus, there was no existing ordinance that authorized a municipal court; (2) the municipal judge who adjudicated the complaints was not duly appointed to that position; (3) the municipal court exceeded its authority by imposing a total fine exceeding $1,000 for *seriatim* violations of the same ordinance; and (4) alternatively, under ORS 51.080(3), the municipal court was limited to imposing a forfeiture of not more than $3,500.

Defendant did not seek a new trial in circuit court. Instead, defendant informed the court that, because the issues were purely legal and were to be resolved through motions, "there will not be a trial and no witnesses will be called." Thereafter, defendant filed a motion in the circuit court to "reverse and vacate" the municipal court's judgment. That motion substantially reiterated the arguments that defendant had made to the municipal court and that defendant had identified in her notice of appeal to the circuit court, *viz.*, that the municipal court was improperly constituted and lacked jurisdiction or, at least, that the fine imposed exceeded the municipal court's lawful authority.

The city responded by arguing, in part, that under ORS 138.050(1),[5] because defendant had appealed from a no contest plea, the circuit court lacked jurisdiction to consider defendant's challenges to the municipal court's jurisdiction.

---

[3] The sum of $27,540 represented the total of fines of $16,200 ($50 per complaint) plus unitary assessments of $11,340 ($35 per complaint).

[4] The sum of $3,564 represented the total of fines of $3,240 ($10 per complaint) and unitary assessments of $324 ($1 per complaint).

[5] The text of ORS 138.050 is set out below. 197 Or App at 301-02.

*See, e.g., State v. Belzons,* 140 Or App 198, 200-01, 915 P2d 428 (1996), *rev den,* 324 Or 513 (1997) (defendant who pleaded no contest in district court could not, on appeal under ORS 138.050, challenge district court's alleged lack of jurisdiction). The city further argued that, even if defendant's challenges to the municipal court's jurisdiction were somehow cognizable in an appeal to the circuit court following a no contest plea, those arguments failed on their merits. Finally, the city argued that, even though the circuit court did have jurisdiction to address defendant's "excessive sentence" challenges, those challenges should be rejected on the merits.

The circuit court, without amplification, denied defendant's motion to "reverse and vacate." The court subsequently issued its "final judgment," which states, in part:

"Because of the limited grounds appealed, there are no issues remaining to be determined by this court. Therefore, it is ORDERED that judgment is entered in favor of plaintiff and against defendant and judgment of dismissal of appeal with prejudice is entered. Matter is remanded to municipal court, City of Lowell, Oregon."[6]

Defendant now appeals to this court, reiterating the arguments that she made before the municipal court and,

---

[6] Two features of the "final judgment" are striking. First, that judgment does not "affirm" or "reverse" the municipal court's judgment but, instead, purports to dismiss *the appeal* with prejudice. As will become apparent from our analysis that follows, the question of the proper procedure, and related jurisdiction, to review municipal court convictions arising out of no contest pleas for violations of municipal ordinances is inscrutable, involving a tangle of arguably applicable statutes. Nevertheless, with respect, we cannot discern how, in these circumstances, a dismissal of the appeal could be a procedurally proper disposition. For example, even if the circuit court agreed with the city that ORS 138.050 applies to these circumstances (as explained below, we conclude that it does not) and that that statute required the circuit court to limit its review to defendant's "excessive sentence" challenges only, that reasoning would not result in dismissal of the appeal because the merits of the "excessive sentence" challenges would still properly be before the circuit court.

Second, the direction to remand to the municipal court seems irreconcilable with a "dismissal," or an affirmance, of the appeal to the circuit court. Rather, it would seem that a remand would be proper only if the circuit court *reversed* some aspect of the municipal court judgment, which did not occur here. Nothing in the judgment describes the reason for the remand, and nothing in the record provided to us suggests any explanation.

In all events, whatever the reasons for these apparent anomalies, as explained below, we lack jurisdiction to address them.

again, before the circuit court. In addition, defendant argues, for the first time, that the municipal court's imposition of sentence did not comport with due process and, hence, was unconstitutional.[7] The city responds that we lack jurisdiction either under ORS 221.360 or under ORS 138.050. The city further argues that, in all events, defendant's arguments fail on the merits. We begin with the city's jurisdictional arguments and find them dispositive.

■ In addressing appellate jurisdiction, we emphasize that our jurisdiction is not plenary. Rather, the sole source of appellate jurisdiction is statutory. *City of Portland v. Duntley*, 185 Or 365, 371, 203 P2d 640 (1949). That is, we "cannot acquire authority to act except in the manner provided by statute." *City of Klamath Falls v. Winters*, 289 Or 757, 763, 619 P2d 217 (1980); *appeal dismissed*, 451 US 964 (1981) (quoting *McCargar v. Moore* 89 Or 597, 599, 175 P 77 (1918)). Three statutes bear directly on whether we have appellate jurisdiction: ORS 221.360, ORS 138.050, and ORS 138.057.

We begin with ORS 221.360. That statute provides:

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.359, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.359, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."[8]

---

[7] Appellant's brief asserts, without elaboration, that

"[t]he imposition of the penalty contained in the judgment in this case deprives appellant of property without due process of law, because it exceeds the maximum jurisdiction of the Lowell Municipal Court in infraction enforcement cases, even assuming that there is such a Court."

[8] ORS 221.359, to which ORS 221.360 refers, describes the process by which convictions in municipal court of an offense defined and made punishable by a city charter or ordinance provision are appealed to a circuit court:

The city, invoking *City of Salem v. Polanski*, 202 Or 504, 276 P2d 407 (1954), asserts that we lack jurisdiction under ORS 221.360 because "[d]efendant's opening brief reveals no constitutional arguments as to [the city's] ordinance under which she pled no contest." The city acknowledges, however, that language in *City of Eugene v. Lincoln*, 183 Or App 36, 50 P3d 1253 (2002), "appears to aid an argument for jurisdiction over non-constitutional issues." Nevertheless, the city contends that the pertinent language in *Lincoln* was *dicta* that is irreconcilable with *Polanski* and other Supreme Court authority and should, consequently, be disavowed.

■     As described below, we conclude that we lack jurisdiction under ORS 221.360, because defendant failed to preserve any cognizable constitutional challenge under that statute.

*Polanski* is the baseline precedent. There, the defendant was convicted, following a jury trial in municipal court, of violating a municipal ordinance that prohibited driving while under the influence of intoxicating liquor. 202 Or at 504-05. The defendant then appealed to the circuit court, where, following a second jury trial, he was again found guilty. *Id.* at 505. The defendant then appealed from the circuit court's judgment to the Supreme Court. *Id.* The city moved to dismiss the Supreme Court appeal, arguing that the court lacked jurisdiction because, under ORS 221.360

---

"(1) Except as provided in subsection (3) of this section, whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, such person shall have the same right of appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government as now obtains from a conviction from justice courts. * * *

"* * * * *

"(3) *The provisions of this section apply only to municipal courts that have not become courts of record under ORS 221.342.* Appeals of criminal judgments in municipal courts that have become courts of record under ORS 221.342 shall be as provided in ORS chapter 138 for appeals from judgments of circuit courts."

(Emphasis added.)

Here, the Lowell Municipal Court is not a "court of record" under ORS 221.342. The city has not passed an ordinance to that effect, and the proceedings before the municipal court were not reported. ORS 221.342(1); *compare* ORS 221.342(2) (appeal from judgment entered in a municipal court that is a court of record "shall be as provided in ORS chapter 138 for appeals from judgments of circuit courts").

(1953),[9] the appellant's assertion of a constitutional challenge was a necessary prerequisite to jurisdiction in such circumstances, and the defendant had failed to raise any such challenge. 202 Or at 505.

The Supreme Court began, as we have here, by emphasizing that, except in cases of original jurisdiction, statutes are "the sole source of appellate jurisdiction." *Id.* (internal quotation marks and citation omitted). The court then proceeded to recount the evolution of the operative statutory language, *id.* at 505-09, and concluded:

> "By specifically providing for appeals to the Supreme Court in cases involving constitutional questions, but omitting to make similar provision for the appeal of other municipal court cases involving violations of city ordinances (except to the circuit court), the legislature clearly indicated its intention that appeals to the Supreme Court from the judgment of the circuit court in the latter type of cases should not be permitted. The history of this legislation as above set forth also compels this conclusion. The judgment of the circuit court is final.

> "We hold, therefore, that there can be no appeal from the circuit court to the Supreme Court in cases involving ordinance violations, arising in the municipal court and appealed to the circuit court, excepting only where constitutional questions are involved."

*Id.* at 509-10.

The operative language of ORS 221.360 that the city invokes to us has not changed since *Polanski*, nor has the Supreme Court repudiated *Polanski*. To the contrary, the court has reiterated its construction of the statute adopted there and sustained the statute, so construed, against constitutional challenge. *See, e.g., City of Salem v. Bruner*, 299 Or 262, 266, 702 P2d 70 (1985) ("the effect of [ORS 221.359 and ORS 221.360] as interpreted is to preclude the right to plenary appeal in cases such as the present"); *Winters*, 289 Or at 764-77 (sustaining ORS 221.360, as construed in *Polanski*,

---

[9] Except for the substitution of "Court of Appeals" for "Supreme Court," *see* Or Laws 1969, ch 198, § 78, and the deletion of references to "district courts," *see* Or Laws 1985, ch 342, § 17; Or Laws 1995, ch 658, § 130, the 1953 version of ORS 221.360 was identical to the current version.

against the assertion that differentiation in appellate process afforded persons convicted in municipal courts of municipal code violations violated federal Equal Protection Clause and Article I, section 20, of the Oregon Constitution).[10] Accordingly, *Polanski*'s construction of ORS 221.360 remains "a part of the statute as if written into it at the time of its enactment." *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992).

■      We, too, have consistently adhered to *Polanski*—with the clarification that not only facial constitutional challenges to ordinances but also challenges to "the constitutionality of [an] ordinance as applied to [a] defendant" are sufficient to satisfy the requisites of jurisdiction under ORS 221.360. *City of Eugene v. Lee*, 177 Or App 492, 494, 34 P3d 690 (2001); *see also Lincoln*, 183 Or App at 41.

Our holding in *Lincoln* comported with those precedents. There, the defendant was convicted in municipal court of violating Eugene's criminal trespass ordinance. On *de novo* review, the Lane County Circuit Court, after rejecting constitutional defenses that the defendant had advanced, affirmed the convictions. 183 Or App at 38. The defendant then appealed to this court, raising the same constitutional challenges. *Id.* The city asserted that we lacked jurisdiction under ORS 221.360 because the defendant's constitutional challenges were "as-applied" and not "facial" and, thus, did not involve "an issue as to the constitutionality of the charter provision or ordinance," ORS 221.360. *Lincoln*, 183 Or App at 40-41. We disagreed:

> "The distinction between 'facial' and 'as-applied' challenges is based not on the validity of the government action involved but on whether the agent of the invalid action happens to be legislative as opposed to executive. A facial challenge asserts that lawmakers violated the constitution when they enacted the ordinance; an as-applied challenge asserts that executive officials, including police and prosecutors, violated the constitution when they enforced the

---

[10] *Cf. City of Lake Oswego v. Mylander*, 301 Or 178, 182, 721 P2d 433 (1986) (distinguishing *Bruner* and *Winters* in a case in which the defendant was convicted in municipal court of a violation based on a statute and not on a municipal ordinance or charter provision).

ordinance. Both challenges equally attack the constitutionality of the ordinance."

*Id.* at 41.

> We then explained:

> "[E]ven if the word 'constitutionality' in the last sentence of ORS 221.360 means 'facial constitutionality,' our decisional authority would not be limited in this case. The mandate to limit our review to constitutional issues is conditional and not absolute: The limits apply only '[w]here the right of appeal * * * depends upon there being involved an issue as to the constitutionality of the * * * ordinance.' *Id.* * * *

> "* * * * *

> "ORS 221.360, then, specifies that a city's ordinance prohibiting appeal of some municipal court convictions does not operate when the conviction involves a constitutional issue. In such cases, the defendant can take an appeal 'regardless' of such prohibitions. The purpose of the limitation in the statute's last sentence, therefore, is to ensure that a defendant cannot raise a constitutional issue merely as a pretext to obtain review of an otherwise nonreviewable, nonconstitutional issue; when a defendant gets into the appellate courts solely on the basis of a constitutional issue (when 'the right of appeal * * * depends' on the existence of a constitutional issue), that is the only issue the appellate court can decide. In the present case, the city has not cited any ordinance that would have precluded appeal had this case not involved a constitutional issue, and we have found none. In other words, the present case is *not* one that is appealable only by virtue of the fact that it raises a constitutional issue; it would have been appealable in any event under ORS 221.359. This case, then, is *not* one in which 'the right of appeal * * * depends upon there being involved an issue as to the constitutionality of the * * * ordinance'; therefore our decision need *not* 'be upon such constitutional issue only.' "

*Id.* at 41, 42-43 (emphasis in original).

Thus, when understood in combination with *Polanski* and its progeny, *Lincoln*'s construction of ORS 221.360 rested on two propositions. First, the essential prerequisite—the *sine qua non*—of our jurisdiction under ORS

221.360 is that the appellant raise a cognizable facial or as-applied challenge to the constitutionality of an ordinance. Second, in certain circumstances (as described in *Lincoln*, 183 Or App at 42-43), once that jurisdictional prerequisite is satisfied, we have jurisdiction to address not only the constitutional challenge but also other, nonconstitutional contentions. Here, we have no jurisdiction under ORS 221.360 to consider any of defendant's arguments. Although, as noted, appellant's brief raises a generalized challenge to the application of certain ordinances, *see* 197 Or App at 296 n 7, that constitutional challenge is not cognizable on appeal because it was never raised and preserved before the municipal court or the circuit court. Accordingly, *Polanski*'s (and *Lincoln*'s) fundamental jurisdictional prerequisite was not satisfied.[11]

The question remains, however, whether there are other sources of appellate jurisdiction, independent and distinct from ORS 221.360, that would permit us to consider defendant's other arguments, which were preserved before the municipal court and the circuit court. We turn first to ORS 138.050, which provides:

"(1)  Except as otherwise provided in ORS 135.335, a defendant who has pleaded guilty or no contest may take an appeal from a judgment or order described in ORS 138.053 only when the defendant makes a colorable showing that the disposition:

"(a)  Exceeds the maximum allowable by law; or

"(b)  Is unconstitutionally cruel and unusual.

"(2)  If the judgment or order described under ORS 138.053 is in the:

---

[11] In so holding, we emphasize that the Lowell Municipal Court is *not* a court of record and that, consequently, ORS 221.359 and ORS 221.360 apply to this appeal. *See* ORS 221.359(3). Where, however, the municipal court has become a court of record, ORS 221.359 and ORS 221.360 are inapposite because "[a]ppeals of criminal judgments in municipal courts that have become courts of record under ORS 221.342 shall be as provided in ORS chapter 138 for appeals from judgments of circuit courts." ORS 221.359(3). ORS 221.359(3) was enacted in 1999, *see* Or Laws 1999, ch 682, § 8, and no Supreme Court decision since that time has addressed that statute, ORS 221.360, or *Polanski*. Although it is at least arguable that that statutory change abrogates *Polanski*'s applicability with respect to appeals from convictions entered by municipal courts that have become courts of record, we need not resolve that matter here.

"(a)   Circuit court, the appeal shall be taken to the Court of Appeals.

"(b)   Justice court or municipal court, the appeal shall be taken to the circuit court for the county.

"(3)   On appeal under subsection (1) of this section, the appellate court shall consider only whether the disposition:

"(a)   Exceeds the maximum allowable by law; or

"(b)   Is unconstitutionally cruel and unusual.

"(4)   If the appellate court determines the disposition imposed does exceed the maximum allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the disposition that should be imposed."

At first blush, it would seem that we would have jurisdiction under ORS 138.050(2)(a) to address defendant's "excessive sentence" challenges to the amount of the fine imposed by the municipal court. The city argues, however, that ORS 138.050 is inapplicable for a number of reasons including, most significantly, that the circuit court's judgment was not of the sort "described in [or under] ORS 138.053." ORS 138.050(1), (2).[12] We need not address that question, however, because there is another, much simpler, reason why ORS 138.050 is inapplicable here: That statute does not apply to cases arising from convictions in municipal court for municipal code violations. *See Winters*, 289 Or at 767-68.[13]

---

[12] ORS 138.053(1), as pertinent here, provides:

"A judgment, or order of a court, if the order is imposed after judgment, is subject to the appeal provisions and limitations on review under ORS 138.040 and 138.050 if the disposition includes any of the following:

"(a)  Imposition of a sentence on conviction.

"(b)  Suspension of imposition or execution of any part of a sentence."

The city argues that, while the *municipal court's* "judgment and sentence" was a judgment of the sort described in ORS 138.053(1) because it imposed a sentence and suspended part of that sentence, the *circuit court's* "final judgment" was not because, by its terms, it "dismissed" the appeal and did not purport to "impose" or "suspend" any sentence.

[13] Again, we emphasize that the convictions here were entered in a municipal court that was not a court of record. Accordingly, our discussion that follows is limited to that circumstance. We imply no view as to the effect, if any, that the subsequent enactment of ORS 221.359(3) may have on *Winters's* continuing vitality with

In *Winters*, the defendants were convicted in municipal court of violating municipal ordinances prohibiting resisting arrest and disorderly conduct. 289 Or at 759. They then appealed to the circuit court pursuant to ORS 221.390.[14] The defendants were again both convicted, following a jury trial in circuit court. *Id*. The defendants then appealed to this court, assigning error to such nonconstitutional matters as the circuit court's refusal to give the defendants' requested jury instructions pertaining to a right to resist the use of allegedly excessive force. *Id*. at 760. The respondent city moved to dismiss the appeal, contending that, under ORS 221.360 as construed in *Polanski*, this court would have jurisdiction to consider the appeal only if the defendants had raised some constitutional challenge and that they had not done so. *Id*. at 761.

We denied the motion to dismiss. We began by holding that, as construed in *Polanski*, ORS 221.360 violated Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment. *City of Klamath Falls v. Winters*, 42 Or App 223, 228, 600 P2d 478 (1979). In particular, we concluded that there was no rational basis for differentiating between the appellate process afforded to (1) persons convicted in municipal court of municipal code violations, and (2) persons who are either (a) convicted in municipal court of state offenses that proscribe the same conduct prohibited by municipal ordinances, or (b) convicted of municipal code violations in those cities in which such matters were initially tried in district courts. That is, defendants in the first group were limited under ORS 221.360 to raising only constitutional challenges before the

---

respect to appeals from convictions for municipal code violations entered by municipal courts that have become courts of record.

[14] ORS 221.390 provides, in part:

"(1)  When any person convicted in a municipal court appeals to the circuit court as provided in ORS 221.359 and 221.360, such person shall be tried in the circuit court pursuant to the statutes which prescribe the procedure for trial of violations of the criminal statutes of the state, except that the prosecution shall be handled by an attorney provided by the city with the municipal court from which the appeal was taken.

"* * * * *

"(4)  This section does not apply where the appeal involves only an issue of constitutionality of the charter or ordinance."

Court of Appeals, while defendants in either of the latter two groups were not so constrained. *Id.* at 226-28. We concluded that "[w]e are unable to identify any rational basis for differentiating between similarly situated defendants' appeal rights as the statutory scheme now does." *Id.* at 228.

Having deemed ORS 221.360 to be unconstitutional—and, thus, not available as a source of appellate jurisdiction—we then determined that ORS 138.040 (1979), which provided that a defendant "may appeal to the Court of Appeals from a judgment on a conviction in a district or circuit court," conferred appellate jurisdiction. *Winters,* 42 Or App at 229. Finally, we addressed, and rejected, the merits of the defendants' assignments of error. *Id.*

The Supreme Court rejected our holding that the application of ORS 221.360, as construed in *Polanski,* was unconstitutional. *Winters,* 289 Or at 768-77. Moreover—and of even greater significance here—before addressing the constitutional question, the court rejected our determination that appellate jurisdiction in *Winters* could be grounded in the provisions of ORS chapter 138. *Id.* at 765-68. The court began by reviewing the evolution of statutes addressing appellate jurisdiction in cases involving violations of municipal ordinances. *Id.* at 765-67. In the course of that discussion, the court emphasized that, although the legislature had enacted a statute authorizing persons convicted in district court of municipal code violations to appeal to the Court of Appeals without limitation, the legislature had also rejected "a bill which would have repealed ORS 221.360 and amended [ORS 221.359] to grant an unlimited right of appeal to the Court of Appeals in cases originating in municipal courts." *Id.* at 767. The court then rejected the defendants' arguments that, because a series of Supreme Court decisions had characterized municipal ordinance violations as "crimes," such violations should be included in the grant of jurisdiction to the Court of Appeals under ORS 138.020 and ORS 138.040:

> "We cannot agree with these contentions. The cited cases dealt with the question whether violations were criminal in nature in the constitutional sense of requiring certain due process protections. They did not purport to give meaning to statutory words beyond that intended by the legislature.

"In our opinion, it is clear that in cases involving violations of municipal ordinances the legislature has chosen to grant appellate jurisdiction under a statutory scheme that is separate and distinct from that provided by ORS 138.020 and ORS 138.040. For over fifty years the legislature has separately treated appeals in such cases based upon the assumption that these statutes did not apply to appeals from violations of municipal ordinances. For this court to now declare that these statutes provide a grant to the Court of Appeals of appellate jurisdiction over appeals by persons convicted of violating municipal ordinances so as to permit such persons to raise on such appeals issues other than the constitutionality of the charter provision or ordinance involved would be contrary to the obvious intention of the legislature, as evidenced by this long legislative history."

*Winters*, 289 Or at 767-68.[15]

Nothing in *Winters* referred to ORS 138.050.[16] No reported decision, either before or after *Winters*, addresses whether, or subject to what limitations, we have jurisdiction over an appeal arising from a defendant's conviction in a municipal court based on the defendant's plea of guilty or no

---

[15] ORS 138.020 provides:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.310, and not otherwise."

[16] The version of ORS 138.050 that was in effect when the Supreme Court decided *Winters*, ORS 138.050 (1979), explicitly referred to appeals from convictions arising from "no contest" pleas in municipal courts:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. If the judgment of conviction is in the circuit court or the district court, the appeal shall be taken to the Court of Appeals; if it is in the justice of the peace court or municipal court or city recorder's court, the appeal shall be taken to the circuit court of the county in which such court is located. On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

ORS 138.050 (1953), the version of the statute that was in effect when the Supreme Court decided *Polanski*, addressed appeals arising from guilty pleas in, *inter alia*, municipal courts.

contest to a violation of a municipal ordinance or charter provision. Indeed, no Oregon decision attempts to address the proper relationship between ORS 221.360 and ORS 138.050.

If *Winters* is understood and applied literally, ORS 138.050 does not apply to this case. That is so because, even though defendant was convicted of a violation in municipal court as a result of a no contest plea, that violation was "defined and made punishable by [a] city charter or ordinance," ORS 221.359, and,

> "in cases involving violations of municipal ordinances the legislature has chosen to grant appellate jurisdiction under a statutory scheme that is separate and distinct from that provided by ORS 138.020 and ORS 138.040."

*Winters*, 289 Or at 768. The court's reference to ORS 138.020 is especially significant because that statute confers "the right [to] appeal from a judgment *in a criminal action* in the cases prescribed in ORS 138.010 to 138.310" (emphasis added), including, necessarily, ORS 138.050. Consequently, *Winters*'s determination that a prosecution in municipal court for a municipal code violation is not a "criminal action" for purposes of ORS 138.020 renders ORS 138.050 inapposite here.

Although certain anomalies may flow from that understanding and application of *Winters*, *see* 197 Or App at 307-08, it is, at least, consonant with principles of statutory construction and, especially, the rule of prior construction. *See Stephens*, 314 Or at 350 n 6. Both *Polanski* and *Winters* state their holdings in unqualified terms—and those holdings, in turn, define the scope of matters falling within the exclusive jurisdictional purview of ORS 221.360 and the meaning of "criminal action" for purposes of ORS chapter 138.

Beyond that, resort to canons of statutory construction is largely unavailing. For example, in this case, as in many others, the application of the maxim that a "particular" statute controls over a more "general" statute if the two cannot be read together, ORS 174.020(2), becomes a circular exercise: Is ORS 221.360 more "particular" in these circumstances because, although it does not refer to guilty pleas or

no contest pleas, it explicitly pertains to appeals of convictions in municipal court for municipal code violations? Or is ORS 138.050 more "particular" because, although it does not refer to municipal code violations, it does address appeals from judgments following guilty pleas or no contest pleas in municipal courts? *Accord Oregonians for Sound Economic Policy v. SAIF*, 187 Or App 621, 631, 69 P3d 742, *rev den*, 336 Or 60 (2003) ("The problem [with that maxim] is that, in many cases, the same statutes may be characterized as specific or general depending on which features a court chooses to emphasize."). Ultimately, the best, if not necessarily fully satisfying, resolution is to understand that, at least with respect to convictions entered in municipal courts that are not courts of record, *see* 197 Or App at 301 n 11, the reference in ORS 138.050(2)(b) to judgments from municipal courts does not include those arising from convictions for municipal code violations.

That result is hardly free from doubt. Neither *Polanski* nor *Winters*—nor, as nearly as we can discern, any reported decision applying ORS 221.360—involved a guilty or no contest plea in municipal court for a municipal code violation. Thus, it is possible that, notwithstanding the breadth of its pronouncement, the Supreme Court in *Winters* did not consider such a possibility.

We acknowledge, moreover, that applying *Winters* to ORS 138.050 can produce the anomalous result that defendants who plead guilty or no contest in municipal court to municipal code violations will have both greater and lesser appellate rights than defendants who plead guilty or no contest in any other context. Specifically, in appeals to this court, defendants in the present defendant's posture would be entitled under ORS 221.360 to raise constitutionally based challenges beyond those cognizable under ORS 138.050(3) (*viz.*, that the disposition "is unconstitutionally cruel and unusual"). Conversely, however, because such defendants are limited to raising constitutional challenges only, they cannot raise the sort of nonconstitutional "excessive sentence" challenges that would otherwise be available under ORS 138.050(3)(a).

Still, such anomalies are hardly one-sided. If we were to conclude that *Winters* is not conclusive and that ORS 138.050 afforded an additional source of appellate jurisdiction in these circumstances, then defendants in the present defendant's posture would be jurisdictionally entitled to assert both the general constitutional challenges cognizable under ORS 221.360 *and* the "excessive sentence" challenges cognizable under ORS 138.050(3), including nonconstitutional excessiveness challenges. That would mean that defendants in defendant's position would have greater appellate rights than other defendants who, instead of pleading guilty or no contest, were convicted of a municipal code violation after a municipal court trial—the latter would be limited to those matters cognizable under ORS 221.360. Similarly, defendants in the present defendant's position would have greater appellate rights than other defendants who pleaded guilty or no contest—the former could, again, raise challenges cognizable under both ORS 138.050 *and* ORS 221.360, while the latter would be limited on appeal to raising only those matters cognizable under ORS 138.050(3).

In sum, while anomalies abound, they hardly dictate that *Winters* can, or should, be read as meaning less than it says. We thus conclude that ORS 138.050 is not a source of jurisdiction for this appeal.

We turn, finally, to ORS 138.057. That statute reads, in part, as follows:

> "(1)(a)   If a justice court or municipal court has become a court of record under ORS 51.025 or 221.342, an appeal from a judgment involving a violation shall be as provided in ORS chapter 19 for appeals from judgments entered by circuit courts. If a justice court or municipal court has not become a court of record under ORS 51.025 or 221.342, the appeal from a judgment involving a violation entered by the justice court or municipal court may be taken to the circuit court for the county in which the justice court or municipal court is located. An appeal to a circuit court must be taken in the manner provided in this subsection.
>
> "* * * * *

"(f)  The circuit court shall treat a matter appealed under this subsection as though the case had been originally filed with the circuit court and shall try the case anew, disregarding any irregularity or imperfection in the proceedings in the justice court or municipal court.

"(g)  Upon entry of a judgment in the matter, the judgment may be appealed as provided in subsection (2) of this section.

"(2)  Subject to the provisions of this subsection, an appeal from a judgment involving a violation entered by a circuit court may be taken as provided in ORS chapter 19."

Two aspects of ORS 138.057 bear particular emphasis given our preceding discussion of *Winters*. First, ORS 138.057 was enacted in 1993, *see* Or Laws 1993, ch 379, § 5, long after *Winters* was decided. Second, ORS 138.057 was not enacted as a part of chapter 138. The explanatory note following that statute states:

"138.057 was enacted into law by the Legislative Assembly but was not added to or made a part of ORS chapter 138 or any series therein by legislative action."

Given those qualifications, *Winters* is not dispositive of the applicability of ORS 138.057 in these circumstances.

Viewed in isolation, ORS 138.057 appears to confer an *unqualified* right to appeal to this court from convictions for violations in municipal court—either directly, pursuant to ORS 138.057(1)(a), if the municipal court is a court of record, or indirectly via the circuit court, pursuant to ORS 138.057(2), if (as here) the municipal court is not a court of record. Neither ORS 138.057(1)(a) nor ORS 138.057(2) includes the sort of "constitutionality" limitation that was the predicate of *Polanski*'s construction of ORS 221.360. Thus, at least initially, it might seem that the more recently enacted ORS 138.057 superseded—and, indeed, repealed by implication—ORS 221.360 (as well as ORS 221.359).

■     A closer comparison of the statutes shows otherwise. In undertaking that inquiry, we note that "[r]epeal by implication is not favored and must be established by 'plain, unavoidable, and irreconcilable repugnancy' " between the prior and subsequent statutes. *State v. Langdon*, 330 Or 72, 81,

999 P2d 1127 (2000) (quoting *State v. Shumway,* 291 Or 153, 160, 630 P2d 796 (1981)). Whether such a conflict exists "must be determined in light of the statutory mandate that, where there are several provisions relating to a subject, such construction is to be adopted as will give effect to all." *State v. Johnston,* 176 Or App 418, 430, 31 P3d 1101 (2001); *see also State v. Thompson-Seed,* 162 Or App 483, 491, 986 P2d 732 (1999) (addressing the relationship between repeal by implication and ORS 174.010).

Here, ORS 138.057 refers to an "appeal from a judgment involving a violation entered by the * * * municipal court," ORS 138.057(1)(a)—that is, that statute pertains to municipal court convictions *for violations generally.* Conversely, ORS 221.359 and ORS 221.360 pertain specifically to convictions in municipal court "of any offense defined and made punishable by any city charter or ordinance." ORS 221.359(1). Thus, ORS 221.359 and ORS 221.360 address a *species* of municipal court violation convictions (*i.e.,* municipal code violations), as opposed to municipal court convictions for other sorts of violations (*e.g.,* violations of state law), *see* ORS 153.005(2); ORS 153.008.[17] In this instance,[18] the "particular controls over the general" maxim is instructive—and, indeed, conclusive: ORS 221.359 and ORS 221.360 are more "particular" than ORS 138.057 with respect to appeals from municipal court convictions for municipal code violations. Accordingly, the former, and not the latter, govern this appeal.

Any residual uncertainty in that regard is dispelled by reference to legislative history. Our review of the legislative history of ORS 138.057, including its enactment and various amendments, discloses no intent to repeal ORS 221.359 and ORS 221.360. There appear to be no references to *Polanski* or its progeny or, for that matter, any references to ORS chapter 221. Rather, the legislative history, while far

---

[17] ORS 153.008(1)(a) to (e) describes five species of violations, including offenses designated as such by statute, statutory offenses for which the punishment does not include a term of imprisonment, offenses that are created by ordinances of cities, counties, and other political subdivisions and that are not punishable by imprisonment, and offenses that either the prosecuting attorney or the court has elected to treat as violations.

[18] Unlike in our discussion above of ORS 138.050. *See* 197 Or App at 306-07.

from explicit, seems to suggest that ORS 138.057 was initially enacted to clarify and facilitate the process for prosecuting violations of state statutes in municipal courts and appealing convictions from such prosecutions. *See generally* Or Laws 1993, ch 379, § 5; Exhibit B, Senate Judiciary Committee, SB 732, Apr 9, 1993, 1-2 (written testimony of Fred Avera) (Senate Bill 732 was meant to create procedures for prosecuting certain misdemeanors as violations under ORS 161.565(2) (1991) in order to guide prosecutors and encourage greater use of that statute). We note, moreover, the curious fact, that, on one occasion, the legislature in separate sections of the same bill amended ORS 138.057 and ORS 221.359—but the legislative history included no discussion of any relationship between the two. *See* Or Laws 1999, ch 682, §§ 11-12. *See generally* Staff Measure Summary, House Committee on Judiciary, HB 3189, May 3, 1999; Minutes, House Committee on Judiciary—Criminal Law, Apr 12, 1999, 5-6, Apr 16, 1999, 2, Apr 29, 1999, 7-8; Minutes, Senate Judiciary Committee, May 28, 1999, 4-5.[19]

We thus conclude that, in the circumstances presented here—*viz.*, an appeal arising from a municipal court conviction for violation of a municipal code provision—ORS 138.057 does not apply. Rather, where, as here, such a conviction was entered by a municipal court that was not a court of record,[20] the sole potential source of our jurisdiction is ORS 221.360 as construed in *Polanski*. Accordingly, because we lack jurisdiction under ORS 221.360, *see* 197 Or App at 301, the appeal must be dismissed.

Appeal dismissed.

---

[19] Oregon Laws 1999, chapter 683, section 11, added language to ORS 138.057(1)(a), clarifying that appeals from justice and municipal courts of record proceed according to ORS chapter 19 and that the procedures set out in ORS 138.057(1) apply only when the underlying judgment is from a justice or municipal court that "has not become a court of record." Oregon Laws 1999, chapter 683, section 12, added subsection (2) to what is now ORS 221.359, limiting application of that statute "only to municipal courts that have not become courts of record."

[20] As noted, *see* 197 Or App at 301 n 11, the 1999 amendment to what is now ORS 221.359, adding the present subsection (3), *might* be viewed as abrogating *Polanski*'s holding with respect to appeals of convictions for municipal code violations entered by municipal courts that are courts of record.