Argued and submitted April 16, affirmed June 13, 1990

# DOUGLAS NATIONAL BANK,
*Respondent,*

*v.*

# Stanley M. BECKER,
*Appellant,*

*and*

# Azmi BERKMAN and Thomas J. Bouchaux,
*Defendants.*

(L85-165; CA A37197)

792 P2d 1246

Kathryn H. Clarke, Portland, argued the cause and filed the reply brief for appellant. Gerald R. Pullen, Portland filed the opening brief for appellant.

Neal Walker, Roseburg, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

■ Defendant Becker[1] appeals from an order denying his motion to set aside the default judgment entered against him. He relies on ORCP 71B(1)(a) and ORCP 69B(2). We affirm.

ORCP 71B(1) provides, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or such party's representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

Defendant argues that the trial court abused its discretion in denying his motion to set aside the judgment under ORCP 71B(1)(a). Defendant's trial counsel thought that his associate had filed an answer, and the associate believed that trial counsel had filed an answer, when in fact none had been filed. As a result, a default judgment was entered.[2] Plaintiff argues that the trial court did not abuse its discretion in denying defendant's motion. A trial court abuses its discretion if it is exercised to an end not justified by and clearly against the evidence and reason. *Casciato v. Oregon Liquor Control Com.,* 181 Or 707, 715-17, 185 P2d 246 (1947). The court was within its discretion when it held that the conduct of defendant's trial counsel did not justify relief under ORCP 71B(1)(a).[3] *See Walker v. Allied Fidelity Ins. Co.,* 97 Or App 568, 777 P2d 990, *rev den* 308 Or 466 (1989); *but see Reitz v. Coca-Cola,* 36 Or App 487, 584 P2d 791 (1978).

---

[1] The remaining defendants are not parties to this appeal.

[2] In an affidavit, defendant's trial counsel averred:

"[T]his office received a copy of a letter from [plaintiff's counsel] stating that service had been made on Defendant Becker * * *, and that he should make an appearance within 30 days, but no further notice was given that a default would be taken.

"As soon as I received notice of Plaintiff's service on Defendant Becker, I asked my associate attorney * * * to research, prepare and file an appropriate responsive pleading. [The associate] drafted an answer and affirmative defense to Plaintiff's complaint well within the time period allowed for a responsive pleading.

"Because of a miscommunication between the two of us, [the associate] and I each thought that the other had filed the pleading within the prescribed period. Only when we received notice from Douglas County Circuit Court of the judgment * * *, did we discover that neither of us had filed the responsive pleading."

[3] Because of our disposition of the case, we do not address defendant's remaining arguments under ORCP 71B(1). Neither party argues that our standard of review here is for error of law rather than abuse of discretion. *See Hackett v. Alco Standard Corp.,* 71 Or App 24, 33 n 7, 691 P2d 142 (1984), *rev den* 298 Or 822 (1984).

■    Defendant also argues that plaintiff, in taking a judgment by default, failed to comply with ORCP 69B(2) and ORCP 9 by not giving defendant written notice of the application for judgment and that the trial court therefore erred in denying defendant's motion to set aside the judgment.

■    We decline to address defendant's argument for two reasons. First, defendant initially made that argument in a "motion to reconsider" the order from which he appeals. The trial court denied the motion. An order denying a motion for reconsideration is not appealable. *See* ORS 19.010; *Alternative Realty v. Michaels,* 90 Or App 280, 753 P2d 419 (1988). To address defendant's argument would be, in effect, to allow him to appeal such an order. Second, because defendant did not raise the argument until *after* the order from which he appeals was entered, he has failed to preserve it. ORAP 5.45(2); *see also Ingalls v. Isensee,* 170 Or 393, 398, 133 P2d 614 (1943).

Finally, defendant argues that he should have been notified that he could appear and offer proof of mitigation of damages. However, as he concedes, "this issue was not raised at the trial court level, and could properly be ignored by this court." We do.

Affirmed.