Argued and submitted September 2, 2020, appeal dismissed December 29, 2021

WESTHAVEN, LLC,
*Plaintiff-Appellant,*

*v.*

CITY OF DAYTON,
acting through its Municipal Court
and Judge Mahr,
*Defendant-Respondent.*

Yamhill County Circuit Court
18CV50363; A170224

504 P3d 1279

In this appeal from a judgment dismissing a petition for a writ of review, Westhaven, LLC was cited for violating a City of Dayton municipal ordinance for operating a short-term rental in a residential zone, and a municipal court found it was in violation. Westhaven petitioned for a writ of review in the circuit court, which the court denied. On appeal, Westhaven argues that the circuit court erred in dismissing its petition for writ of review and in denying its alternate request to transfer the case to the Land Use Board of Appeals. The city responds that this court lacks jurisdiction to hear the appeal, but that, in any event, the appeal has no merit. *Held*: The Court of Appeals lacked appellate jurisdiction under ORS 221.360 because Westhaven did not raise a constitutional challenge on appeal to the court.

Appeal dismissed.

John L. Collins, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Christopher D. Crean argued the cause for respondent. Also on the brief were Heather R. Martin and Beery, Elsner & Hammond, LLP.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Appeal dismissed.

**POWERS, J.**

In this appeal from a circuit court judgment dismissing a petition for a writ of review, we must first determine whether we have appellate jurisdiction to address a challenge to a violation of a municipal ordinance. We conclude, as explained below, that we do not have jurisdiction. Accordingly, we dismiss the appeal.

Westhaven, LLC was cited for violating the City of Dayton's Municipal Code prohibition on the operation of a short-term rental in a residential zone. Westhaven proceeded to a trial in Dayton Municipal Court, which is not a court of record, and was found in violation and fined $500. Westhaven then sought review of that decision in the circuit court. *See* ORS 221.359(1).[1]

Westhaven did not seek a new trial in the circuit court under ORS 221.390, but instead petitioned for a writ of review. *See* ORS 157.070 (preserving ability of parties in justice court to seek a writ of review, under ORS 34.010 to 34.100, to have "the judgment reviewed in the circuit court for errors in law appearing upon the face of the judgment or the proceedings connected therewith"). In its petition for a writ of review, Westhaven raised seven assignments of error, including an argument that the municipal court's judgment was unconstitutional because it violated Westhaven's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. The City of Dayton moved to dismiss Westhaven's petition, arguing that the writ of review process was inapplicable to this case and that ORS 138.057 governed appeals of a municipal court decision. The circuit court agreed with the city's argument and dismissed the writ of review, reaching four conclusions: (1) the writ of review process under ORS 34.010 was inapplicable; (2) ORS 138.057 was the appropriate method for appeal of a violation of a city ordinance; (3) even if the appeal were not subject to

---

[1] ORS 221.359(1) provides, in part:

"Except as provided [for municipal courts that have become courts of record], whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, such person shall have the same right of appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government as now obtains from a conviction from justice courts."

ORS 138.057, there was an insufficient record for the circuit court to review; and (4) Westhaven's timely filed writ of review could not be converted to or substituted for a notice of appeal under ORS 138.057. The circuit court then entered a general judgment dismissing the petition.

Westhaven now appeals from the circuit court's judgment, assigning as error the court's dismissal of its petition for writ of review and its denial of the alternate request to transfer the case to the Land Use Board of Appeals (LUBA). Importantly, Westhaven does not raise any constitutional arguments on appeal. For its part, the city argues that we lack appellate jurisdiction and further argues that, even if Westhaven's challenges are cognizable on appeal, those arguments fail on their merits. Westhaven does not squarely address the city's argument that this court lacks appellate jurisdiction.

For the reasons explained below, we conclude that we lack jurisdiction to consider the matters that Westhaven raises on appeal. Accordingly, we dismiss the appeal.

The source of our appellate jurisdiction is statutory. *See, e.g.*, *Varde v. Run! Day Camp for Dogs, LLC*, 309 Or App 387, 390, 482 P3d 795 (2021) (so recognizing). As explained in *City of Klamath Falls v. Winters*, 289 Or 757, 770, 619 P2d 217 (1980), *appeal dismissed*, 451 US 964 (1981), the statutory framework provides for two routes of appeal when a defendant is charged with violating a municipal ordinance, depending on which court the defendant was initially tried in. "[I]n those cities where persons charged with violating municipal ordinances are tried in municipal court, they may take an appeal to the circuit court and obtain *de novo* review in the form of a new trial," and "[i]n cities where such persons are tried in [circuit] court, they may appeal to the Court of Appeals."[2] *Winters*, 289 Or at 770 (citing *former* ORS 221.350 (1980), *renumbered as* ORS 221.359 (1999); ORS 221.390; *former* ORS 46.047 (1980), *renumbered as* ORS

---

[2] The jurisdiction and authority of district courts was transferred to circuit courts effective January 15, 1998. Or Laws 1995, ch 658, §§ 1, 150; *see generally Oregon AFSCME Council 75 v. OJD-Yamhill County*, 304 Or App 794, 796-809, 469 P3d 812, *rev den*, 367 Or 75 (2020) (describing the history of the unified Oregon court system). Although the court's decision in *Winters* predated that transfer, the same principle applies to persons tried in circuit court.

3.134 (1997)). When an appeal arises following "a municipal court conviction for violation of a municipal code provision" that was "entered by a municipal court that was not a court of record," then "the sole potential source of our jurisdiction is ORS 221.360." *City of Lowell v. Wilson*, 197 Or App 291, 311, 105 P3d 856, *rev den*, 339 Or 406 (2005) (footnote omitted). ORS 221.360 provides:

> "In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.359, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.359, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."

We have explained that, under ORS 221.360, "when a defendant has been convicted in municipal court, and then convicted in circuit court following a trial *de novo*, we have jurisdiction to review the circuit court judgment only if the defendant is challenging the constitutionality of the ordinance he was convicted of violating." *City of Eugene v. Smyth*, 239 Or App 175, 181, 243 P3d 854 (2010), *rev den*, 350 Or 230 (2011). That is, when a defendant does "not attack the validity of the underlying city charter provisions or ordinances, then, by reason of the provisions of ORS 221.360, no right of appeal exists beyond the circuit court." *Winters*, 289 Or at 764. A defendant must have raised that constitutional challenge before the municipal court or circuit court and raise it on appeal to this court. *See Wilson*, 197 Or App at 301 ("[T]hat constitutional challenge is not cognizable on appeal because it was never raised and preserved before the municipal court or the circuit court."); *see also Smyth*, 239 Or App at 181 (concluding that, when the defendant was convicted in municipal court, and then convicted in circuit

court following a trial *de novo*, we have jurisdiction to review the circuit court judgment only if the defendant "is challenging" the constitutionality of the ordinance he was convicted of violating).

Here, although Westhaven neither sought nor received *de novo* review from the circuit court, ORS 221.360 still controls. *See Wilson*, 197 Or App at 293-96 (applying ORS 221.360 to an appeal where the defendant pled no contest to a municipal violation in a municipal court, and then filed a motion in the circuit court to "reverse and vacate" the municipal court's judgment, rather than seeking a new trial in the circuit court). As such, for this court to have jurisdiction, Westhaven needed to raise a constitutional challenge before the municipal or circuit courts and on appeal to this court. Westhaven raised a due process challenge before the municipal and circuit courts; however, it does not assert any constitutional challenge on appeal to this court. Despite contending at oral argument that it had not abandoned its constitutional arguments on appeal to this court, nowhere in its opening or reply briefs did Westhaven raise a constitutional argument or even cite to the United States Constitution. Rather, in two assignments of error, Westhaven challenged only the denial of its petition for writ of review and the denial of its request to transfer the case to LUBA. Because Westhaven has not raised a constitutional challenge on appeal to this court, we lack appellate jurisdiction under ORS 221.360.

Appeal dismissed.