***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted April 10, motion to dismiss granted,
appeal dismissed August 9, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD SHANE HUGGETT,
*Defendant-Appellant.*

Wasco County Circuit Court
9400253CRD; A177403

Janet L. Stauffer, Judge.

Richard E. Davis, Jr., argued the cause and filed the briefs for appellant.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Motion to dismiss granted; appeal dismissed.

**POWERS, J.**

Appellant appeals from the trial court's order deny-ing reconsideration of an earlier order denying a motion to set aside a record of a dismissal. On appeal, he contends that, under the terms of ORS 137.255, he was entitled to expungement of a dismissed charge of driving while sus-pended. As explained below, we do not reach the merits of that argument because the appeal was not timely filed and the order from which appellant appeals is not appealable. Accordingly, we grant the state's motion to dismiss and dis-miss this appeal for lack of jurisdiction.

Because the parties are familiar with the undis-puted procedural facts, we only briefly recount them for this nonprecedential memorandum opinion. Appellant was charged with felony driving while suspended in 1994, and the charges were initially filed in the district court, which no longer exists in Oregon. *See Westhaven, LLC v. City of Dayton*, 316 Or App 641, 643 n 2, 504 P3d 1279 (2021) (not-ing that the jurisdiction and authority of district courts was transferred to circuit courts in 1998). The charge was dis-missed from that court and refiled on the same day in the circuit court, ultimately resulting in a conviction. The effect of the initial filing and dismissal in the district court, how-ever, created the unusual situation of appellant's criminal record containing both a dismissal and a conviction—with two distinct case numbers—for the same charge.

Seeking to expunge the dismissal from his criminal record, appellant filed a motion to set aside the record of the dismissed charge.[1] *See* ORS 137.225(1)(b) (2019) *amended by* Or Laws 2021, ch 486, § 1 (setting forth the conditions for which a charged person may apply to the court for entry of an order setting aside the record of an arrest, citation, or charge).[2] Following a hearing, the trial court denied appel-lant's motion to set aside on October 14, 2021. Six days later, on October 20, appellant filed a motion to reconsider,

---

[1] The parties agree that appellant may not seek expungement of the conviction.

[2] Defendant filed his motion in July 2021. The legislature substan-tially amended ORS 137.225, effective January 1, 2022. Therefore, we cite to ORS 137.225 (2019), which was in effect at the time of defendant's motion, throughout this opinion.

asserting again that the terms of the statute entitled him to an order setting aside the record of the dismissed case. The trial court denied that motion on November 5, and appellant filed a notice of appeal of the court's denial of his motion to reconsider.

The jurisdictional issues in this case were first raised when, in response to appellant's notice of appeal, the Appellate Commissioner issued an Order to Show Cause directing appellant to identify why the appeal should not be dismissed on the grounds that it is not taken from an appealable order or judgment. The state also filed a motion to dismiss on the grounds that we lack jurisdiction, which the Appellate Commissioner deferred to the merits panel. In his responses to the Commissioner's order and the state's motion, and in his opening briefing, appellant makes three primary arguments for why jurisdiction exists.

First, he contends that we have jurisdiction under the provision for a "special statutory proceeding" as provided by ORS 19.205(5) (allowing appeal "from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment or order entered in an action, unless appeal is expressly prohibited by the law authorizing the special statutory proceeding"). Second, appellant asserts that, although the order "was styled a 'motion to reconsider' it was in substance a motion to set aside seeking relief from the trial court pursuant to the statutory requirements of ORS 137.225 for expungements." Finally, appellant argues that the case law relied on by the state was either incorrectly decided or does not stand for the proposition that an order denying a motion for reconsideration is not appealable. We address those arguments in reverse order.

First, in arguing that a motion for reconsideration is not appealable, the state relies on *Douglas National Bank v. Becker*, 102 Or App 143, 145, 792 P2d 1246 (1990), in which the defendant appealed from an order denying a motion to set aside a default judgment. In that case, one of the defendant's arguments was first made in a motion to reconsider, and we declined to address it, explaining "[a]n order denying a motion for reconsideration is not appealable."

*Id*. at 146 (citing *former* ORS 19.010 (1989), *renumbered as* ORS 19.205 (1997)). In our view, that case is unequivocal in its conclusion. We reject appellant's arguments attempting to distinguish that case.

Second, we are not persuaded by appellant's contention that his motion to reconsider was "in substance" a motion to set aside. Appellant's motion was titled "Motion to Reconsider," his notice of appeal specifically noted that he was serving a notice of appeal "from the Denial of Motion to Reconsider," and we see no reason to distinguish it as something else. *See Alternative Realty v. Michaels*, 90 Or App 280, 285, 753 P2d 419 (1988) ("An opposing party must be able to rely on the document in order to determine the time for filing a notice of appeal and should not be at risk of having to guess whether or not a 'motion for reconsideration' with attached affidavits and memoranda is actually a request for a new trial.").

Third, having concluded that this is an appeal from an order denying a motion for reconsideration, we are not persuaded that ORS 19.205(5) authorizes an appeal as a "special statutory proceeding." Even assuming that such an appeal qualifies as a "special statutory proceeding," the appeal must still stem from an appealable order. *See A. M. v. N. E. D.*, 287 Or App 36, 40, 400 P3d 1036 (2017) (explaining that for an order to be appealable under ORS 19.205(5), the "order or judgment entered in a special statutory proceeding must be the sort that would be appealable under ORS 19.205(1) to (3) if entered in an action"). As we have explained, an appeal from an order denying a motion for reconsideration is not such an order.

Finally, we note that the 30-day window for filing an appeal started when the trial court issued its order denying appellant's motion to set aside. *See* ORS 19.255(1) (requiring a notice of appeal to be filed within 30 days after the judgment appealed from is entered). That order was entered on October 14, 2021, and appellant's notice of appeal was filed on November 29, 2021. The order denying appellant's motion for reconsideration of the decision on the motion to set aside was neither an appealable order, nor did it extend that 30-day window to challenge the trial court's decision

denying the motion to set aside. In short, because the order appealed from is not an appealable order, and because any appeal of the trial court's order denying appellant's motion to set aside was not timely filed, we dismiss this proceeding for lack of jurisdiction.

Motion to dismiss granted; appeal dismissed.