LAGESEN, P. J.
*205 After a confrontation in a park between defendant and others, defendant was cited for violating the City of Eugene's Park and Open Space Rules. Those rules, which were adopted by Administrative Order No. 58-17-07-F, make it unlawful to "participat[e] in a disturbance or riotous behavior that interferes with the reasonable use by the general public of the park, open space, or facility," Rule 1.010(4), or to "[e]ngag[e] in any activity or conduct within a park, open space area, or park facility that is prohibited by these rules, *325 state statutes, the Eugene Code, 1971, or posted signs," Rule 1.010(15). After a trial in municipal court, defendant was found to have violated those rules. He then appealed that decision to the circuit court. See ORS 221.359(2) ("Except as provided [for municipal courts that have become courts of record], in a prosecution of any offense defined and made punishable by any city charter or ordinance, a plaintiff may appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government in the manner provided by ORS 157.020(2) for taking appeals from justice courts.").
The circuit court, after a trial de novo , likewise found that defendant had violated the park rules and fined him $150. He now appeals to this court, asserting that we have jurisdiction pursuant to ORS 138.057(2). That statute provides that "[a]n appeal from a judgment involving a violation entered by a circuit court may be taken as provided in ORS chapter 19."
Notwithstanding the plain text of that provision, the City of Eugene disputes that we have jurisdiction to hear the appeal. It argues that the statute is inapplicable in light of our decision in City of Lowell v. Wilson , 197 Or. App. 291, 105 P.3d 856, rev. den. , 339 Or. 406, 122 P.3d 64 (2005). In that case, we recognized that " ORS 138.057 appears to confer an unqualified right to appeal to this court from convictions for violations in municipal court," but we held that, even so, "in the circumstances presented here-viz. , an appeal arising from a municipal court conviction for violation of a municipal code provision- ORS 138.057 does not apply" and that the "sole potential source of our jurisdiction is ORS 221.360 *206 as construed in [ City of Salem v. Polanski , 202 Or. 504, 276 P.2d 407 (1954) ]." Wilson , 197 Or. App. at 309, 311, 105 P.3d 856 (emphasis in Wilson ).
The statute we held to be applicable in Wilson provides:
"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.359, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.359, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."
ORS 221.360 (emphasis added). Our analysis in Wilson , which turned on the Supreme Court's decision in Polanski , held that "the essential prerequisite-the sine qua non -of our jurisdiction under ORS 221.360 is that the appellant raise a cognizable facial or as-applied challenge to the constitutionality of an ordinance" the appellant was convicted of violating. Wilson , 197 Or. App. at 300-01, 105 P.3d 856. In other words, "[u]nder ORS 221.360, when a defendant has been convicted in municipal court, and then convicted in circuit court following a trial de novo , we have jurisdiction to review the circuit court judgment only if the defendant is challenging the constitutionality of the ordinance he was convicted of violating." City of Eugene v. Smyth , 239 Or. App. 175, 181, 243 P.3d 854 (2010), rev. den. , 350 Or. 230, 253 P.3d 1079 (2011).
In the city's view, defendant has failed to raise such a constitutional challenge, and we therefore lack jurisdiction. We disagree. Although the basis of defendant's appeal is not well developed, we understand his arguments to include a contention that the ordinance he was convicted of violating, Administrative Order No. 58-17-07-F, cannot be constitutionally applied to him because it mandates an *207 unlawful process that limits his ability to defend himself from the charges in the citation-what defendant describes as "constitutional problems with the Park Rules ordinance providing for a secret *326 though determinative appeal procedure."[1] Accordingly, we reject the city's argument that we must dismiss the appeal for lack of jurisdiction; at the very least, this court has jurisdiction to consider defendant's contention that the ordinance, as drafted and enforced in this circumstance, violates his constitutional rights.[2]
The city also identifies questions of reviewability as to particular issues raised by defendant, but we need not resolve them. Even assuming that the issues raised in defendant's briefing are reviewable, we would reject them on the merits. Written discussion of those issues, and our reasoning, would not benefit the bench, the bar, or the public. Suffice it to say that we have considered defendant's *208 arguments, none of which merits reversal, and we therefore affirm the judgment of the circuit court.
Affirmed.

In the circuit court, defendant similarly argued that
"the appeal procedure adopted by the City of Eugene in their Park Rules leading to this matter violates the Oregon Constitution Art. 1, Section 10, for it is by design a private off the record informal though regulating hearing in which charging officers failed to prosecute the Defendant according to any lawful standard, where the Defendant [is] barred from making any motions, examine any witnesses, or have any neutral observer present."
(Emphasis added.) On appeal, he contends that, under the park rules, he was "mandated to go through a secret though determinative hearing procedure" to appeal the charge, such that his "rights to due process in the Oregon and US Constitutions was effectively curtailed," and that the "charge" should have been dismissed by the circuit court based on that constitutional violation; in response to the city's motion to dismiss the appeal, defendant submitted that "[t]he review of the Municipal Court and Circuit Court relied upon the finding of the secret hearing-making lawful review impossible." Again, although the precise nature of that argument is unclear, we understand defendant to challenge the constitutionality of applying the ordinance in light of defects in the procedures in the adopted park rules themselves-an argument that is not well taken but that falls within the types of constitutional arguments that we have appellate jurisdiction to consider.

Although we need not address the role that ORS 138.057 plays in this case, we note that our reluctance to give effect to the plain text of that statute in Wilson turned in large part on the doctrine of legislative acquiescence. Subsequently, the Supreme Court has counseled against overreliance on the doctrine in construing statutes. Farmers Ins. Co. v. Mowry , 350 Or. 686, 695-97, 261 P.3d 1 (2011).
We also observe that there are at least two other statutes, ORS 3.134 and ORS 153.121, that, by their terms, address appellate authority related to circuit court judgments in cases originating in municipal court or involving offenses defined by municipal ordinance. Those statutes, enacted before Wilson , were not discussed in that decision and have not been raised by the parties in this case.