No. 398　　　　　May 13, 2026　　　　　409

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CITY OF EUGENE,
*Plaintiff-Respondent,*

*v.*

Hamid Michael HEJAZI,
*Defendant-Appellant.*

Lane County Circuit Court
24CR16542, 24CR57085;
A184491 (Control), A184509, A186553

Jay A. McAlpin, Judge.

Argued and submitted April 15, 2026.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the opening and reply briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Hamid Hejazi filed the supplemental briefs *pro se.*

Melissa J. Franz argued the cause for respondent. Also on the briefs was Travis Smith.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

In Case No. 24CR16542, general judgment of dismissal reversed and remanded. In Case No. 24CR57085, general judgment of dismissal reversed and remanded.

**TOOKEY, P. J.**

Defendant seeks reversal of two circuit court judgments dismissing his appeals from municipal court convictions.[1] In Case No. 24CR16542, the Lane County Circuit Court granted a motion filed by the City of Eugene (city) seeking dismissal of defendant's appeal of his municipal court conviction for menacing in violation of Eugene City Code (ECC) 4.730. And in Case No. 24CR57085, the Lane County Circuit Court granted the city's motion to dismiss defendant's appeal of his municipal court conviction for disorderly conduct in violation of ECC 4.725(a).

Defendant argues that dismissing the appeals before he was assigned an attorney to assist him in responding to the city's motions violated his right to counsel. For the reasons explained below, we agree with defendant that when the circuit court dismissed the appeals before defendant had been appointed an attorney, the circuit court violated defendant's right to counsel under Article I, section 11, of the Oregon Constitution because that was a circumstance where, without the assistance of counsel, defendant's legal interests were at risk of prejudice. *State v. Roberts*, 374 Or 821, 849, 584 P3d 1217 (2026). We therefore reverse and remand the two cases to the circuit court.[2]

## FACTS

In February 2024, defendant was arrested for engaging in threatening behavior after he was asked to move the tent in which he was sleeping, and he was charged in Eugene Municipal Court with various municipal code violations, including menacing in violation of ECC 4.730. The municipal court appointed an attorney for defendant, and, about a month after the charges were filed, defendant

---

[1] On June 5, 2024, we consolidated the appeals in case numbers A184491 and A184509 because appellant had filed two notices of appeal from the same decision. On April 23, 2026, by order, we consolidated the appeals in case numbers A184491 and A186553 because they raise the same issue.

[2] In 2025, the legislature enacted a significant overhaul of the statutes governing appeals from justice courts and municipal courts. *See* Or Laws 2025, ch 268. The new statutes became operative on January 1, 2026. *Id.* § 56(b). The events at issue in these appeals occurred in 2024, and there is no indication that the new statutes were intended to apply retroactively. We offer no opinion on whether the outcome of these cases would have been the same under the new statutes.

entered an *Alford* plea of guilty to one count of menacing and the other counts were dismissed.[3] Defendant was sentenced to 28 days in jail and one year of probation.

Defendant appealed to the Lane County Circuit Court. Soon after the notice of appeal was filed, the circuit court entered an order purporting to appoint counsel, dated April 2, 2024. It provided that the "Oregon Public Defense Services will assign the defendant an attorney." On April 23, 2024, the city moved to dismiss the appeal pointing out that defendant had pleaded guilty. Without holding a hearing on the motion, on May 1, 2024, the circuit court granted it and entered a general judgment of dismissal. The order and judgment do not explain the basis for the dismissal.

On August 20, 2024, defendant was arrested again, and the city filed another complaint charging him with municipal code violations, including disorderly conduct in violation of ECC 4.725(a). With the assistance of counsel, defendant entered a plea of guilty to the charge on September 3, 2024, one count was dismissed, and he was placed on one year of probation.[4]

Once again, defendant appealed the judgment of conviction. On November 12, 2024, the circuit court purported to appoint counsel for defendant, and the order stated, "Oregon Public Defense Commission will assign the defendant an attorney." On December 17, the city filed a motion to dismiss, and, on December 31, the circuit court granted the motion. The general judgment of dismissal states:

> "THE COURT FINDS that the appeal to the Circuit Court lacks a statutory basis. Defendant entered a voluntary and knowing guilty plea to the charge of Disorderly Conduct. Entering that guilty plea precludes Defendant from appealing the conviction under ORS 157.010. Additionally,

---

[3] The dismissed counts were for disorderly conduct in violation of ECC 4.725(a), second-degree criminal mischief in violation of ECC 4.782, and third-degree criminal mischief in violation of ECC 4.780. An *Alford* plea is a reference to *North Carolina v. Alford*, 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970). "An *Alford* plea is a guilty plea in which the defendant does not admit commission of the criminal act or asserts that he is innocent." *State v. B. J. P.*, 339 Or App 134, 138, 566 P3d 1187 (2025) (internal quotation marks omitted).

[4] In the second case, the dismissed count was for harassment in violation of ECC 4.726.

Defendant's notice of appeal fails to identify that he has either reserved an issue for appeal under ORS 135.335 or a colorable claim of error under ORS 138.105"[5]

Defendant now appeals those two circuit court judgments of dismissal.

## ANALYSIS

Defendant argues that the circuit court violated his constitutional right to counsel by granting the city's motions to dismiss before defendant had an attorney assigned to represent him. Defendant suggests that, if represented by an attorney, then he could have raised "a factual dispute about whether he actually pleaded guilty in the municipal court," or the attorney could have argued that, despite defendant's guilty pleas in municipal court, defendant could have raised a constitutional challenge to the ordinances prohibiting menacing or disorderly conduct.

The city responds that we have no jurisdiction to consider those arguments. In his opening briefs, defendant indicated that we had jurisdiction under *former* ORS 221.360 (2023), *repealed by* Or Laws 2025, ch 268, § 53.[6] That statute addressed when a person could appeal a municipal court judgment to the circuit court. It provided:

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.359, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.359, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other

---

[5] *Former* ORS 157.010, *repealed by* Or Laws 2025, ch 268, § 35, provided: "In a criminal action in a justice court, except where the judgment is given on a plea of guilty, an appeal may be taken from a judgment of conviction to the circuit court for the county in which the judgment is given, as prescribed in this chapter, and not otherwise."

[6] For readability, in the rest of the opinion, we refer to the repealed statutes—which were repealed in Oregon Laws 2025, chapter 268, sections 35 and 53—simply as *former* ORS 221.359 (2023), *former* ORS 221.360 (2023), or *former* ORS 157.010 (2023).

criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."[7]

In *City of Lowell v. Wilson*, 197 Or App 291, 311, 105 P3d 856, *rev den*, 339 Or 406 (2005), we held that, in an appeal from a municipal court conviction for violation of a municipal code provision entered by a municipal court that is not a court of record, "the sole potential source of our jurisdiction is ORS 221.360 as construed in" *City of Salem v. Polanski*, 202 Or 504, 509-10, 276 P2d 407 (1954).[8] In *Polanski*, the Supreme Court held that "there can be no appeal from the circuit court *** in cases involving ordinance violations, arising in the municipal court and appealed to the circuit court, excepting only where constitutional questions are involved." *Id.* at 510. As we put it in *Wilson*, 197 Or App at 300-01, "the essential prerequisite—the *sine qua non*— of our jurisdiction under ORS 221.360 is that the appellant raise a cognizable facial or as-applied challenge to the constitutionality of an ordinance."

In *City of Eugene v. Hejazi*, 296 Or App 204, 437 P3d 324, *rev den*, 365 Or 192 (2019), another case that involved the same parties that are presently before us, we determined that we had jurisdiction to consider the defendant's arguments because they could be understood as challenging the constitutionality of the municipal ordinance the defendant was convicted of violating. *Id.* at 206-07.

---

[7] *Former* ORS 221.359(1) (2023), provided in part,

"whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance, such person shall have the same right of appeal to the circuit court within whose jurisdiction the city has its legal situs and maintains its seat of city government as now obtains from a conviction from justice courts. The appeal shall be taken and perfected in the manner provided by law for taking appeals from justice courts[.]"

[8] *See City of Eugene v. Morrison*, 333 Or App 730, 731, 554 P3d 821 (2024) (stating that the Eugene Municipal Court is not a court of record). *Former* ORS 221.359(3) (2023) stated that "[t]he provisions of this section apply only to municipal courts that have not become courts of record under ORS 221.342." When a municipal court has not become a court of record, then it is not required to "provide a court reporter or an audio recording device" for court proceedings. ORS 221.342(4).

Similarly, here, we do not view *former* ORS 221.360 (2023) as a bar to jurisdiction because, having considered the parties' arguments on appeal and the record in these cases, we think defendant sought to challenge the constitutionality of the municipal code ordinances under which his convictions were obtained. *See Hejazi*, 296 Or App at 206-07 (explaining that we had jurisdiction because the defendant's arguments, although not "well developed," could be construed as making an as-applied constitutional challenge to the ordinance he was convicted of violating). For example, in one of the circuit court cases, defendant requested the city to admit that "[t]he guaranteed fundamental constitutional (and natural law) assurance and right to a fair criminal trial, at the lower trial court level (at the Eugene Municipal Court), was never enjoyed by defendant in [C]ase [N]o. 2400611 (underlying this appeal)—forcing him to plea; wherefore defendant cannot be legally expected to undergo criminal prosecution without a due process."

Whether or not that argument will be a successful one for defendant, having considered it and the parties' arguments on appeal, we conclude that they provide some indication that defendant intended to argue that the municipal code ordinances he was convicted of violating, at least as applied against him, were unconstitutional. We therefore conclude that we have jurisdiction to consider defendant's appellate arguments under *former* ORS 221.360 (2023), which provided a right to appeal in cases "involving the constitutionality of the charter provision or ordinance under which the conviction was obtained." We reject the city's argument that we must dismiss these appeals for lack of jurisdiction.

Turning to the merits, defendant argues that the circuit court violated his right to counsel by granting the motions to dismiss before he had an attorney assigned to represent him in circuit court. Having reviewed the city's answering briefs, the city does not appear to argue that that argument was not preserved; instead, the city argues that we have no jurisdiction to consider the argument. In any event, to the extent that the city's answering briefs can be read as challenging preservation, we conclude that preservation is excused because there was no hearing on the

motions to dismiss and the claimed error—dismissing the appeals before defendant had the assistance of counsel—did not occur until the circuit court entered judgments of dismissal. *See Dillard v. Premo*, 296 Or App 798, 803, 441 P3d 609 (2019) (preservation excused when the claimed error appears for the first time in the judgment).

On the merits, we agree with defendant that when the circuit court dismissed the appeals without a hearing, and before defendant had been assigned an attorney to assist him in responding to the motions, the circuit court violated defendant's right to counsel. In *Roberts*, 374 Or 821, the Supreme Court recently addressed the scope of the right to counsel under Article I, section 11. In that case, the state conceded that appointing the Oregon Public Defense Commission as a placeholder for an actual lawyer did not satisfy the requirement to appoint counsel for an indigent defendant. *Id.* at 838.[9] *Roberts* explained,

> "The right to counsel is necessary because it can be difficult for persons who are untrained in the law to respond to the state's actions in a criminal prosecution. They are likely to be unfamiliar with the substantive law defining crimes and defenses and the procedural law governing how cases must be litigated."

*Id.* at 841. That concern is particularly apt here where the circuit court had not assigned an attorney to represent defendant, but the city had filed dispositive motions seeking dismissal of his two appeals.

When discussing the scope of the right to counsel, the Supreme Court explained in *Roberts* that "a defendant has the right to the assistance of counsel in circumstances where, without that assistance, the defendant's legal interests would be at risk of prejudice." *Id.* at 849. Here, defendant's legal interests were at risk of prejudice because the city had filed motions seeking dismissal of his appeals of the municipal court convictions. Therefore, under the reasoning of *Roberts*, defendant's constitutional right to counsel was

---

[9] In Case No. 24CR16542, the circuit court appointed the Oregon Public Defense Services, and in Case No. 24CR57085, it appointed the Oregon Public Defense Commission, but the parties treat those entities as interchangeable, and, for present purposes, so do we.

violated when the appeals were dismissed before an attorney had been assigned to assist him in responding to the motions.[10]

Although an appeal to the circuit court is not permitted when a defendant pleads guilty in municipal court, *see former* ORS 157.010 (2023), the relationship between that statute and *former* ORS 221.360 (2023) is less than clear, and reading the statutes together, there may be an argument that they permit an appeal raising a constitutional challenge to municipal code ordinances even when a defendant pleads guilty in municipal court. *See Wilson*, 197 Or App at 307 ("Neither *Polanski* nor [*City of Klamath Falls v.*]*Winters*[, 289 Or 757, 619 P2d 217 (1980)]—nor, as nearly as we can discern, any reported decision applying ORS 221.360—involved a guilty or no contest plea in municipal court for a municipal code violation.").

In the judgment of dismissal in Case No. 24CR57085, the circuit court also faulted defendant for failing to identify in the notice of appeal an issue or claim of error under ORS 135.335 or ORS 138.105, but defendant was acting *pro se* when he filed the notice of appeal, and thus he did not have the benefit of an attorney who could have attempted to correct deficiencies in the notice of appeal, if any, or develop arguments relating to those statutes, including whether they apply at all in appeals of municipal court convictions from a court that is not a court of record. *See* ORS 221.342(5) ("The appeal from a judgment entered in a municipal court that becomes a court of record under this section shall be as provided in ORS chapter 138 for appeals from judgments of circuit courts."). If defendant had the assistance of counsel when responding to the city's motions to dismiss, then he may have been able to address deficiencies or develop legal

---

[10] The remedies discussed in *Roberts* focus on misdemeanor and felony cases, but in *Stevenson v. Holzman*, 254 Or 94, 101-04, 458 P2d 414 (1969), the Supreme Court held that an indigent person accused of a violation of a municipal ordinance also has a constitutional right to the assistance of counsel. We recognize that *former* ORS 221.360 (2023) limits our review to "an issue as to the constitutionality of the charter provision or ordinance," but implicit in that consideration is the assumption that defendant has a right to counsel to assist in developing an argument regarding the constitutionality of the ordinances, especially when the record indicates that defendant was attempting to make a constitutional argument in the circuit court.

arguments against dismissal of his appeals. *See Stevenson v. Holzman*, 254 Or 94, 100, 458 P2d 414 (1969) ("Even the intelligent and educated layman has small and sometimes no skill in the science of law," and, without the assistance of counsel, a defendant may lack "both the skill and knowledge adequately to prepare" a defense.).

Because we cannot rule that out that the lack of assistance of counsel may have affected the course of his cases, we conclude that the dismissal of these cases in the circuit court before defendant had the assistance of counsel to respond to the motions was not harmless. *See State v. Stanton*, 369 Or 707, 723, 511 P3d 1 (2022) (where the court could not determine what the outcome of the case would have been had the defendant been represented, remand was appropriate); *State v. Phillips*, 235 Or App 646, 656, 234 P3d 1030, *modified on recons,* 236 Or App 465, 236 P3d 789 (2010) ("Where we are unable to determine what the outcome of a case would have been if the defendant had been represented by counsel \* \* \*, the error is not harmless.").

We therefore reverse and remand to the circuit court to provide defendant an opportunity to respond to the city's motions to dismiss with the assistance of counsel. We do not rule out the possibility that the circuit court may once again dismiss the appeals after considering the arguments on both sides.

In Case No. 24CR16542, general judgment of dismissal reversed and remanded. In Case No. 24CR57085, general judgment of dismissal reversed and remanded.